UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD KAVANAUGH SWAIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-1254-DDN |
| | ) |
| ST. LOUIS PUBLIC WORKS MEDIUM SECURITY INSTITUTION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Edward Kavanaugh Swaim for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.05. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $5.27. The Court will therefore assess an initial partial filing fee of $1.05, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

2

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the St. Louis City Public Works Medium Security Institution, or "the Workhouse." Plaintiff is presently incarcerated at Eastern Reception, Diagnostic and Correctional Center, but his claims arose while he was incarcerated in the Workhouse, apparently in August of an unspecified year.

The complaint is composed of long, run-on sentences that describe a wide variety of things. Briefly, plaintiff alleges the conditions at the Workhouse were sub-standard, including inadequate heat, ventilation, lack of cleanliness, and bug and mold infestation. Plaintiff alleges that when he arrived at the Workhouse it was too hot, and when temporary air conditioners were installed, it became too cold and plaintiff became angry. Plaintiff claims he was only taken to

3

court on one occasion and was "treated wrong" during his court date. (Docket No. 1 at 4). He alleges that a corrections officer threatened him. He states that everyone turns away from problems. He states "Mrs. Newitte" ignored his letters, and he writes "poor court practices." *Id.* at 5. He states he had "two absess's a 102 fever," and states he was being denied medical treatment. *Id.* at 6. As relief, he seeks $1000 per day "cause its abuse I really do believe PTSD and my anxieties are really much worse than ever." *Id.* at 8.

## Discussion

The complaint will be dismissed. Relevant precedent establishes that the Workhouse is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claims fail as a matter of law. *See Ballard v. Missouri*, Case No. 4:13-cv-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and the Workhouse are legally frivolous because these defendants are not suable entities").

Plaintiff's allegations would also fail to state a claim against the City of St. Louis. Plaintiff has not pled sufficient facts permitting the inference that the allegedly poor conditions resulted from the deliberate choices of City officials with policy-making authority, that the poor conditions were so continuing, widespread, and persistent as to have become a permanent custom of the City, or any other facts tending to show a direct causal link between a municipal policy or custom and the alleged constitutional violation. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978); *see also Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (a plaintiff's failure to include any allegations, reference, or language from which one could begin to draw an inference that the

4

conduct complained of resulted from an unconstitutional policy or custom of the governmental entity renders the complaint deficient as to that entity).

Finally, the complaint cannot be liberally construed to state a viable claim against anyone who could be substituted as a defendant. Plaintiff's statements that a corrections officer threatened him, that his letters were ignored, or that he was treated wrong in court simply fail to state claims of constitutional significance. In addition, while plaintiff indicates he was denied medical treatment, he alleges no facts that plausibly suggest an entitlement to relief. The Court recognizes that plaintiff is proceeding *pro se*, but even *pro se* plaintiffs are required to allege facts in support of their claims, *Martin*, 623 F.2d at 1286, and this Court will not assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.05 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

5

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of October, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE